UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NBC-USA HOUSING, Inc., TWENTY-SIX

   Plaintiff,

     v.

SHAUN DONOVAN, Secretary of the
Department of Housing and Urban
Development, *et al.*,

   Defendants.

Civil Action No. 09–2245 (CKK)

**MEMORANDUM OPINION**
(September 27, 2010)

Plaintiff NBC-USA Housing, Inc. Twenty-Six ("Plaintiff") filed this action against Defendants Shaun Donovan as Secretary of the Department of Housing and Urban Development ("HUD"), Roy S. Lilly as a HUD foreclosure commissioner, and Jim Hotard Properties, LLC ("Hotard") alleging that Defendants violated HUD's procedures and the Administrative Procedure Act ("APA") when HUD foreclosed on Plaintiff's property. Currently before the Court are Hotard's [13] Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) for Lack of Personal Jurisdiction ("Hotard's Mot.") and Plaintiff's [19] Opposition to Hotard's Motion to Dismiss ("Pl.'s Opp'n"), in which Plaintiff also moved for jurisdictional discovery.

For the reasons explained below, the Court shall GRANT Hotard's Motion to Dismiss and DENY Plaintiff's construed motion for jurisdictional discovery.

# I. BACKGROUND

On September 29, 1999, Plaintiff, a non-profit organization, entered into a series of agreements with HUD to fund Plaintiff's construction of Fortner Manor Apartments ("Fortner Manor"), an apartment complex in New Orleans, Louisiana. Compl. ¶¶ 1, 6-7, 9. Pursuant to the parties' Capital Advance Program Mortgage, HUD advanced Plaintiff $1,535,700 and took a security interest in Fortner Manor. *Id.* ¶ 9. In the parties' Capital Advance Program Use Agreement, Plaintiff also agreed to operate Fortner Manor as low income housing for the elderly or disabled for 40 years. *Id.* ¶¶ 10-12.

In August 2005, Hurricane Katrina struck New Orleans and caused extensive damage to Fortner Manor, rendering the complex uninhabitable. *Id.* ¶¶ 13, 19. As of the commencement of this case, Fortner Manor has remained uninhabited since Hurricane Katrina. *Id.* ¶ 23.

In October 2008, HUD informed Plaintiff that its failure to operate Fortner Manor as low income housing breached the parties' Capital Advance Program Use Agreement and, consequently, Plaintiff was in default. *Id.* ¶¶ 23-25. On June 8, 2009, Plaintiff discovered that HUD had issued an "Invitation to Bid" on Fortner Manor, thereby beginning the non-judicial administrative foreclosure process. *Id.* ¶ 28. After Plaintiff's unsuccessful attempts to stay the foreclosure, *see id.* ¶¶ 29-42, HUD held a foreclosure sale on July 28, 2009, and Hotard was the successful bidder, *id.* ¶¶ 43-44.

Hotard is a Louisiana limited liability company, *id.* ¶ 3, that operates as a real estate holding company, Hotard's Mot. Ex. A (Affidavit of James S. Hotard Jr.) (hereinafter "Hotard Affidavit") ¶ 4. Plaintiff's eighty-eight paragraph complaint includes only five factual allegations regarding Hotard: (1) Hotard is a Louisiana limited liability company with an office

in New Orleans, Louisiana, Compl. ¶ 3; (2) Hotard was the successful bidder at Fortner Manor's foreclosure sale, *id.* ¶ 44; (3) Hotard is a for-profit company, *id.* ¶ 45; (4) Hotard refused to complete the sale of Fortner Manor because HUD did not follow proper foreclosure procedures, *id.* ¶ 48; and (5) in the alternative, Hotard completed the sale of Fortner Manor, *id.* ¶ 49.

Plaintiff filed its complaint in this case on November 25, 2009. After the Court granted Hotard's [10] Consent Motion to Extend Time to Respond to the Complaint, *see* Min. Order (Dec. 30, 2009), Hotard filed its pending motion to dismiss, attaching the Hotard Affidavit as an exhibit thereto. Hotard's managing member, James S. Hotard Jr., declares that Hotard has never shipped products, contracted to sell products, provided services, contracted to render services, solicited business, advertised its products, maintained an office or mailing address, employed agents, officers, or employees, or owned real or personal property in the District of Columbia. *See* Hotard Aff. ¶¶ 5-13; Hotard's Mot. at 2 ("Hotard is a real property holding company with no contacts, connections, or ties whatsoever to the District of Columbia."). Plaintiff does not dispute that Hotard lacks the abovementioned contacts with the District of Columbia, rather Plaintiff avers that "for Hotard to claim legal title to the property known as Fortner Manor Apartments, [Hotard] would have had to enter into a sale contract with HUD. Since HUD is a federal agency headquartered in the District of Columbia, Hotard would have had to transact business within this district." Pl.'s Opp'n at 10 (footnote omitted). Plaintiff has not alleged that Hotard has any other contacts with the District of Columbia.

## II. LEGAL STANDARD

A plaintiff bears the burden of establishing a factual basis for asserting personal jurisdiction over a defendant. *See Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir.

3

1990). "The plaintiff, however, cannot rest on bare allegations or conclusory statements and must allege specific facts connecting each defendant with the forum." *GTE New Media Servs., Inc. v. Ameritech Corp.*, 21 F. Supp. 2d 27, 36 (D.D.C. 1998); *see also Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001) (same). "To make such a showing, the plaintiff is not required to adduce evidence that meets the standards of admissibility reserved for summary judgment and trial; rather she may rest her arguments on the pleadings, 'bolstered by such affidavits and other written materials as [she] can otherwise obtain.'" *Urban Inst. v. FINCON Servs.*, 681 F. Supp. 2d 41, 44 (D.D.C. 2010) (quoting *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005)) (alteration in original). When determining whether personal jurisdiction exists over a defendant, the Court need not treat all of a plaintiff's allegations as true. Instead, the Court "may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts." *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000) (citation omitted). Any factual discrepancies with regard to the existence of personal jurisdiction, however, must be resolved in favor of the plaintiff. *See Crane*, 894 F.2d at 456.

### III. DISCUSSION

*A.     Personal Jurisdiction*

For this Court to exercise personal jurisdiction over Hotard, Plaintiff must plead facts sufficient to satisfy (1) the District of Columbia's long-arm statute (hereinafter "long-arm statute") and (2) the constitutional requirements of due process. *See GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000); *see also Edmond v. U.S. Postal Serv. Gen. Counsel*, 949 F.2d 415, 424 (D.C. Cir. 1991) ("Even though subject-matter jurisdiction is

4

here predicated upon a federal question, [plaintiffs] must rely on D.C. law to sue nonresident defendants, since no federal long-arm statute applies."). The long-arm statute provides in pertinent part:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's-
>
> > (1) transacting any business in the District of Columbia;
> > . . . .

D.C. Code § 13-423. In this case, Plaintiff asserts that jurisdiction is proper under subsection (a)(1) because "in order for Hotard to claim legal title to the property known as Fortner Manor Apartments, [Hotard] would have had to enter into a sale contract with HUD. Since HUD is a federal agency headquartered in the District of Columbia, Hotard would have had to transact business within this district." Pl.'s Opp'n at 10 (footnote omitted). Plaintiff does not allege that jurisdiction is proper under another subsection of the long-arm statute, nor does Plaintiff allege that any other contacts justify this Court exercising personal jurisdiction over Hotard. *See* Pl.'s Opp'n at 9-10.

Hotard's contact with HUD, however, does not establish personal jurisdiction because District of Columbia law excludes its consideration under the so-called government contacts principle. "The government contacts principle establishes that entry into the District by nonresidents for the purpose of contacting federal governmental agencies cannot serve as a basis for personal jurisdiction." *Savage v. Bioport, Inc.*, 460 F. Supp. 2d 55, 62 (D.D.C. 2006) (quoting *Freiman v. Lazur*, 925 F. Supp. 14, 24 (D.D.C. 1996)). "To allow a defendant's contact with a federal instrumentality to serve as a contact for personal jurisdiction analysis 'would threaten to convert the District of Columbia into a national judicial forum.'" *Freiman*, 925 F.

Supp. at 24 (quoting *Envtl. Research Int'l, Inc. v. Lockwood Greene Eng'rs, Inc.*, 355 A.2d 808, 813 (D.C. 1976)). Accordingly, the government contacts principle precludes Hotard's alleged sales contract with HUD from establishing personal jurisdiction in this case. *See Ficken v. Roe*, 594 F. Supp. 2d 71, 75 (D.D.C. 2009) (excluding defendant's receipt of funds from the State Department from establishing personal jurisdiction); *Savage*, 460 F. Supp. 2d at 62 (holding that defendant's contracts to sell vaccines to the Department of Defense did not create personal jurisdiction due to the government contacts principle). As the alleged sales contract is the only contact Plaintiff alleges between Hotard and the District of Columbia, the Court concludes that Plaintiff has not alleged specific facts that establish personal jurisdiction over Hotard.[1]

B.  *Jurisdictional Facts Intertwined with the Merits*

Plaintiff argues that the Court should at least delay considering whether it has personal jurisdiction over Hotard until trial because the jurisdictional facts are intertwined with the merits of this case. Pl.'s Opp'n at 12-13. Specifically, Plaintiff claims that "[t]he possible email transactions and telephone and facsimile exchanges that confer special jurisdiction would also likely disclose the details surrounding [Plaintiff's] claims that HUD's foreclosure sale and transfer of the property was improper." *Id.* at 13.

When confronted with jurisdictional facts so "inextricably intertwined with the merits of the case," a trial court "should usually defer its jurisdictional decision until the merits are heard." *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 198 (D.C. Cir. 1992); *see also Brady Campaign to Prevent Gun Violence v. Salazar*, 612 F. Supp. 2d 1, 29 n.18 (D.D.C. 2009) (declining an

---

[1] For the same reasons, the Court denies Plaintiff's argument that the alleged sales contract establishes personal jurisdiction over Hotard under the District of Columbia's general personal jurisdiction statute. *See* Pl.'s Opp'n at 11; D.C. Code § 13-334(a).

extended analysis of whether the plaintiff had organizational standing because the arguments regarding standing implicated the merits). The Court finds, however, that whether this Court has personal jurisdiction over Hotard is not intertwined, much less inextricably, with the merits of this case. Regardless of whether Fortner Manor's foreclosure complied with the APA and HUD procedures, the nature of Hotard's contacts with the District of Columbia will remain unaffected. The fact that the same evidence may both support Plaintiff's claims and indicate Hotard's contact with HUD, does not render the merits of this case inextricably intertwined with the personal jurisdiction issue currently before the Court.

      C.      *Jurisdictional Discovery*

As a final alterative, Plaintiff requests that it at least be granted "an opportunity to conduct a modest period of discovery designed to establish the known jurisdictional predicates with record evidence." Pl.'s Opp'n at 14.

"It is well established that the 'district court has broad discretion in its resolution of [jurisdictional] discovery problems.'" *FC Inv. Grp. LC v. IFX Markets, Ltd*, 529 F.3d 1087, 1093 (D.C. Cir. 2008) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 788 (D.C. Cir. 1983)). "This Circuit's standard for permitting jurisdictional discovery is quite liberal." *Diamond Chem. Co. v. Atofina Chems., Inc.*, 268 F. Supp. 2d 1, 15 (D.D.C. 2003). "[H]owever, in order to get jurisdictional discovery a plaintiff must have at least a good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendant." *Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1090 (D.C. Cir. 1998) (denying jurisdictional discovery when plaintiff "did not allege any facts remotely suggesting that [the defendant] had any connection to the District of Columbia"). Moreover, "a plaintiff must

7

make a 'detailed showing of what discovery it wishes to conduct or what results it thinks such discovery would produce.'" *Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34, 53 (D.D.C. 2003) (quoting *Philip Morris*, 116 F. Supp. 2d at 130 n.16). "Where there is no showing of how jurisdictional discovery would help plaintiff discover anything new, 'it [is] inappropriate to subject [defendants] to the burden and expense of discovery." *Id.* (quoting *COMCAST Corp. v. Finshipyards S.A.M.*, 900 F. Supp. 515, 524 n.4 (D.D.C. 1995)) (alterations in the original); *see also FC Inv. Grp.*, 529 F.3d at 1093 ("[A] request for jurisdictional discovery cannot be based on mere conjecture or speculation.").

In this case, Plaintiff has failed to demonstrate a good faith belief that jurisdictional discovery will enable it to establish personal jurisdiction over Hotard. First, Plaintiff has requested jurisdictional discovery only "to establish the known jurisdictional predicates with record evidence." Pl.'s Opp'n at 14. This is far from a "detailed showing of what discovery [Plaintiff] wishes to conduct or what results it thinks such discovery would produce." *Atlantigas Corp.*, 290 F. Supp. 2d at 53; *compare Diamond Chem. Co.*, 268 F. Supp. 2d at 15 (granting plaintiff's request for jurisdictional discovery to "seek more complete information about the managerial control exerted by [defendant's] executives over [defendant's] affiliates, the flow of funds between the affiliates, and [defendant's] knowledge of and participation in the . . . price-fixing conspiracy") (internal quotation marks omitted). On this basis alone, Plaintiff's request for jurisdictional discovery is insufficient. *See Atlantigas Corp.*, 290 F. Supp. 2d at 53 (denying plaintiff's request for jurisdictional discovery "to confirm that the . . . [d]efendants have customers in the District of Columbia or otherwise 'transact business' in the District of

8

Columbia" because "such generalized predictions are not enough to justify jurisdictional discovery.").

Second, to the extent Plaintiff's laconic request seeks jurisdictional discovery of the sole contact Plaintiff alleges between Hotard and the District of Columbia—Hotard and HUD's sales contract—jurisdictional discovery is inappropriate. For even if Plaintiff were able to establish this alleged contact through jurisdictional discovery, the government contacts principle would exclude it from the personal jurisdiction calculus. *See Savage*, 460 F. Supp. 2d at 63 (denying the plaintiff's requests for jurisdictional discovery after the plaintiff's only alleged contact between the defendant and the District of Columbia was excluded under the government contacts principle). Alternatively, to the extent Plaintiff's request seeks jurisdictional discovery of other, unalleged contacts between Hotard and the District of Columbia, "a request for jurisdictional discovery cannot be based on mere conjecture or speculation." *FC Inv. Grp.*, 529 F.3d at 1093.

In conclusion, Plaintiff has failed to demonstrate "a good faith belief" that it is entitled to jurisdictional discovery because Plaintiff has not alleged a single contact between Hotard and the District of Columbia that, if discovered, could establish personal jurisdiction. *Caribbean Broad.*, 148 F.3d at 1090. To nonetheless allow Plaintiff to conduct jurisdictional discovery would require this Court to construe this Circuit's admittedly liberal jurisdictional discovery standard in such a way as to render it meaningless. The Court refuses to do so and, accordingly, shall deny Plaintiff's motion for jurisdictional discovery.

## IV. CONCLUSION

For the foregoing reasons, the Court shall GRANT Hotard's [13] Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) for Lack of Personal Jurisdiction and

DENY Plaintiff's construed [19] motion for jurisdictional discovery. An appropriate order accompanies this Memorandum Opinion.

Date: September 27, 2010.

                                                       /s/
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge